OaRutheRs, J.,
delivered the opinion of the Court.
■ This is an appeal in error by the State, from a judgment of the Circuit Court quashing an execution against Green for the costs of a prosecution instituted hy him before a justice of the peace against Thomas W. Palmer, for the crime of malicious shooting, from which the defendant was discharged by the magistrates who sat upon the case, .and the prosecutor taxed with the costs, because they found that the prosecution was malicious.
Upon the petition of Green, and the fiat of the Judge, the case was brought into the Circuit Court by writs of certiorari and supersedeas. The Court refused to entertain the case for an investigation of the grounds of the magistrate’s judgment, holding that no appeal, or certi-orari, will lie to remove the judgment of a justice taxing a prosecutor with costs, into the Circuit Court; but held that the judgment against the petitioner was void, and therefore quashed the execution.
The warrant recites that it was issued upon the oath, and at the instance of W. B. Green; and upon the back of this is the judgment, which is, that the defendant, Palmer, was not guilty, and then proceeds, “ and that the prosecution was a malicious one, and we do order that the prisoner be, and he is hereby released from the charge, and that the prosecutor pay all costs of suit for which execution may issue.” One of the three justices who sat upon the case dissented, in writing, on both points, believing that the defendant was guilty, and should be bound over to Court to answer the charge.
IVe think his Honor erred in quashing the execution upon the ground that the judgment was void for uncer *358 tainty. It is true that the judgment does not show on its face that Green was prosecutor, nor is his name inserted in it; but the warrant shows that, and cures the defect, as it is entered upon the same paper. There is no uncertainty, when reference is had to the whole paper, and the rule applied is too technical for proceedings before a magistrate. It is not like a case of a judgment by motion, where everything necessary to give jurisdiction and establish liability must appear in the judgment, for, in those eases, there is nothing with which to connect and help out the judgment.
But we think the Circuit Court had jurisdiction to revise the judgment, by certiorari, upon the facts as recorded by the justices in the discharge of their duty as a committing tribunal. This was olfered to sustain the allegations of the petition that the prosecution was not frivolous, or malicious, and rejected by the Court upon the ground that a judgment for costs against the prosecutor was final and conclusive. If this were so, the cause of public justice would often be defeated by deterring citizens from prosecuting offenders. There is, in many cases, too much reluctance, on the part of citizens, to undertake the performance of this disagreeable and, often, thankless duty, for other reasons; but if, in addition to these, they are put in danger of having the costs thrown upon them by an irreversable decree of the committing Court, the guilty will too often go unpunished, and even unarraigned. The prosecution should be very clearly without foundation, and that known to the prosecutor, so as to show that his motives were malicious, and not for promotion of public justice, in instituting the prosecution, in order to subject him to the costs. *359 It may, and does often happen, that sufficient apparent cause exists, when, upon investigation, it turns out to he entirely groundless. This law was intended only for strong and clear cases of malicious prosecution, unmixed Avith the proper motive, which is to bring offenders to justice for the public good. In such a case the law is right, and ought to be -enforced, as the process and forms of the law ought not to be used solely to gratify personal animosity, nor recklessly, Avhere there is no grounds for the charge. It is of very doubtful expediency to extend this power to a committing Court, where the cases must of necessity, as a general thing, be imperfectly examined. But as it has been done, it is almost indispensable that their judgments should be subject to revision. Such a power the Circuit Court, as a Court of general jurisdiction, has over all inferior jurisdictions, even courts martial, by virtue of the constitutional writ, of certiorari, analogous to the King’s Bench in England. Duggan v. McKinney, 7 Yer., 21.
The practice of re-examining the facts in the Circuit Court would, certainly, be inconvenient in cases where the evidence had not been written down by the justices, as they are required to do by law. Where that is not done, we will not say how the law would be, as that is not the question now before us. But in this case the petitioner proposed to show by the proof, as written down, that the judgment against him for the costs was erroneous. We think the Judge should have examined it, and determined the question of the liability of the prosecutor under the law. The power given to the magistrate is discretionary, but it is a' legal, and not an arbitrary discretion. It may be very much abused, and *360 should be subject to revision in the Circuit Court. The ground upon which it may be exercised, is fixed by the law — that is, where the prosecution is frivolous or malicious, not otherwise. By certiorari the case may be brought before the Circuit Court, to determine whether the judgment of the committing Court was correct on that question; and if not, to reverse it.
We reverse the judgment ■ dismissing or refusing the certiorari as to that point, as well as the judgment quashing the execution, and remand the case, with directions to examine the evidence as • recorded, and decide the question upon its merits. If the Court should find that the facts authorize the judgment against the prosecutor for the costs, it will be proper to see that no illegal costs are charged in the execution.