[No. 5065.]
[No. 2631 C. A.]

## FITZPATRICK v. THE PEOPLE.

**1. Appellate Practice—Evidence—Review.**

Where only the written evidence of the justice of the peace was considered by the district court in a proceeding to hold the bail to keep the peace, such evidence may be examined and weighed on appeal uninfluenced by the finding of the latter court. —P. 313.

**2. Practice in Criminal Cases—Peace Bond—Taxation of Costs Against Prosecutor.**

Where there was evidence, if credited, to show that the defendant has used threats to do bodily harm to the prosecuting witness, even though there was a conflict upon such issue, and there was an absence of evidence tending to show that the prosecution was malicious, the court was not justified in taxing the costs to the prosecuting witness under Mills' Ann. Stats., § 1454, providing that when any person is bound by recognizance to keep the peace, and on the hearing in the district court it shall appear that the prosecution was commenced maliciously without reasonable or proper cause, the court may, in its discretion, give judgment against the prosecution for costs of prosecution and defense.—P. 313.

*Appeal from the District Court of Gunnison County. Hon. Theron Stevens, Judge.*

An action by the people upon the complaint of Peter Fitzpatrick, to place one Flohr under bond to keep the peace. From a judgment taxing the costs against him, Fitzpatrick appeals.        *Reversed.*

Messrs. BROWN and NOURSE, for appellant.

Mr. N. C. MILLER, attorney general, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was a proceeding under section 1482, 1 Mills' Ann. Stats., to have one Flohr placed under bond to keep the peace. A hearing was had before the justice, and Flohr was placed under bond returnable to the next term of the district court. The evidence was written down and transmitted together with the other papers in the case to the district court in accordance with section 2782, 2 Mills' Ann. Stats. Section 2783, 2 Mills' Ann. Stats., provides:

"When the clerk receives such papers from the justice, he shall docket the case, thereafter the case shall stand for argument at the following term of court. The judge shall examine the record and evidence, and if, upon such record and evidence, the judge shall be of the opinion that the defendant was improperly bound over, he shall discharge the defendant and tax the costs against the county, or the prosecuting witness, as in his judgment is proper. It shall be the duty of the court to examine and pass upon the record and evidence, even though the prosecuting witness does not appear to prosecute. If the judgment of the justice shall be affirmed, the judge may require the defendant to renew his bond, or may discharge the defendant therefrom; in such cases the costs shall be taxed against the defendant."

Section 1454, 1 Mills' Ann. Stats., provides:

"When any person or persons have been or shall be bound by recognizance to keep the peace, or for their good behavior, and for the appearance in (the) district court or before any justice of the peace, if the prosecutor shall fail to appear and prosecute,

or if upon the hearing it shall appear that the prosecution was commenced maliciously without reasonable or proper cause, the court may, in its discretion, give judgment against the prosecutor for costs of prosecution and defense.''

The cause came on for hearing before the district court, The People and Flohr, respectively, being represented by counsel. The court considered the case solely upon the evidence returned in writing by the justice, and after a consideration thereof dismissed the case at the cost of the prosecuting witness, appellant herein, Peter Fitzpatrick. Fitzpatrick brings the judgment against him for costs here by appeal for review.

. The sole question argued, and the only one we consider is, whether it was error in the lower court to tax the costs of the prosecution to the prosecuting witness, appellant.

Section 1454, *supra,* authorized the taxation of costs to the prosecuting witness provided the prosecution was commenced maliciously. As only written evidence was considered by the district court when it dismissed the case, and taxed the costs against the prosecuting witness, and as this evidence is before us, we are as favorably situated for considering the evidence as was the district court, and if necessary are authorized to examine and weigh it uninfluenced by the finding of that court upon the facts. The situation is as if the case had been tried below upon depositions or affidavits.—*Stock-Growers' Bank v. Newton,* 13 Colo. 246; *Reithmaster v. Brisbane,* 19 Colo. 371; *Heller v. People,* 22 Colo. 11.

There was evidence before the court which, if credited, brought the case within section 1482, *supra,* that is, there was evidence which, if credited, showed that Flohr had used threats to do bodily harm to the prosecuting witness, and while there was a conflict

upon such issue there was an absence of evidence tending to show that the prosecution was malicious. This is substantially conceded by the attorney general, who appears here in behalf of the people.

It would serve no useful purpose to recite the evidence in detail. We conclude from its examination that it does not show that the prosecution "was commenced maliciously without reasonable or proper cause." If so, the evidence did not satisfy the requirements of the statute and justify taxing the costs to the prosecuting witness.

*State v. Green,* 39 Tenn. (2 Head) 358, in announcing the principle which should control in the taxation of costs for malicious prosecution, says:

"The prosecution should be very clearly without foundation and that known to the prosecutor so as to show that his motives were malicious, and not for the promotion of public justice in instituting the prosecution, in order to subject him to the costs. It may and does often happen that sufficient apparent cause exists when, upon investigation, it turns out to be entirely groundless. This law was intended only for strong and clear cases of malicious prosecution, unmixed with the proper motive, which is to bring offenders to justice for the public good. In such a case the law is right and ought to be enforced, as the process and forms of the law ought not to be used *solely* to gratify the personal animosity, nor recklessly, where there is no ground for the charge."

The evidence did not justify holding that the prosecution was malicious.

The judgment will be reversed as to the taxation of costs to the prosecuting witness, and the same be ordered taxed against the county.

Judgment reversed.　　　　　　　*Reversed.*

Chief Justice Gabbert and Mr. Justice Maxwell concurring.